# SUPREME COURT OF THE UNITED STATES

## CEDRIC RAY JONES *v.* UNITED STATES

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 25–524.   Decided June 30, 2026

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR respecting the denial of certiorari.

I concur in the Court's decision not to grant, vacate, and remand this case in light of *Hunter* v. *United States*, 608 U. S. ___ (2026). *Hunter* addressed the enforceability of appeal waivers specifically "in the sentencing context," *id.*, at ___ (slip op., at 1), whereas this petition concerns when a collateral-review waiver is enforceable against a challenge to a defendant's conviction. I write, however, to encourage lower courts to consider carefully the import of *Hunter*'s reasoning when deciding whether to enforce a collateral-review or appeal waiver against a defendant who is challenging the validity of his conviction.

*Hunter*'s reasoning is simple. It starts with the recognition that the judiciary plays a "special, and indeed pivotal, role . . . in approving and implementing appeal waivers": District courts must "accept the plea agreement, including any appeal waiver," and circuit courts must "decid[e] to enforce it." *Id.*, at ___–___ (slip op., at 8–9). "Because that is so, the standard for enforcing appeal waivers implicates the interests not only of the agreement's parties, but also of the judiciary." *Id.*, at ___ (slip op., at 9). Therefore, "an appeal waiver is unenforceable," and may be set aside in a given case, "if the sentence is marred by the kind of egregious error that would bring the judicial system into disrepute," *i.e.*, if enforcing it "would result in a miscarriage of justice." *Id.*, at ___ (slip op., at 11). *Hunter* held that the error "must be

obvious" and "of the type that would undermine public confidence in the judiciary." *Ibid*. Although these errors are "rare," *Hunter* explained, the "possibility of correction helps keep them so, and thus safeguards that system's integrity." *Id.*, at ___ (slip op., at 13).

*Hunter*'s reasoning could well apply to appeal and collateral-review waivers when a defendant seeks to challenge his conviction itself. This case presents a useful illustration. Here, petitioner Cedric Ray Jones was charged in 2015 with, among other crimes, brandishing a firearm in furtherance of a "crime of violence" in violation of 18 U. S. C. §924(c)(1)(A)(ii). Jones signed an agreement to plead guilty to the §924(c) count, and that agreement contained a provision "'waiv[ing] his rights . . . to appeal from his convictions and sentences'" and "'further waiv[ing] his right to contest his convictions and sentences in any collateral proceeding, including proceedings under 28 U. S. C. §2241 and 28 U. S. C. §2255.'" 134 F. 4th 831, 834 (CA5 2025). The District Court approved the plea agreement, and the accompanying waiver, and sentenced Jones to nearly 48 years' imprisonment, which included a 7-year consecutive sentence for the §924(c) charge.

In 2018, Jones filed a motion to vacate his conviction under 28 U. S. C. §2255, arguing that his §924(c) conviction is constitutionally invalid because that statute's "residual clause," under which he had been convicted, is unconstitutionally vague. While that motion was pending, this Court decided *United States* v. *Davis*, 588 U. S. 445 (2019), which held §924(c)'s residual clause unconstitutionally vague, thereby agreeing with Jones on precisely this issue. Despite *Davis*, the Government opposed granting Jones relief, arguing that the collateral-review waiver in Jones's plea agreement forever waived his right to challenge the constitutionality of his conviction. The District Court agreed with the Government, enforced Jones's collateral-review waiver, and denied Jones's motion. The Fifth Circuit affirmed,

explaining that its Circuit precedent "ha[d] recognized only two exceptions" to the enforceability of an appeal or collateral-review waiver ("'ineffective assistance of counsel'" and "'a sentence exceeding the statutory maximum'"), neither of which applied to Jones. 134 F. 4th, at 840.

Just like the enforcement of the appeal waiver in *Hunter*, here the District Court's enforcement of Jones's collateral-review waiver and the Fifth Circuit's decision to affirm that enforcement both appear to "implicat[e] the interests . . . of the judiciary" because those "courts are in the middle of, and partly responsible for," the "results" of that waiver. *Hunter*, 608 U. S., at \_\_\_ (slip op., at 9). The end result here is that "Jones is currently serving a sentence for a crime" that "[a]ll agree" has been "held to be unconstitutional under Supreme Court precedent." 134 F. 4th, at 843 (Dennis, J., dissenting). The decision to enforce Jones's collateral-review waiver thus might well be leaving "in place" an "egregious error" that "bring[s] the judicial system into disrepute." *Hunter*, 608 U. S. \_\_\_ (slip op., at 1). In the future, when defendants challenge the constitutionality of their convictions, I encourage the Fifth Circuit and other courts to consider carefully whether to enforce a collateral-review or appeal waiver in light of the miscarriage-of-justice principles laid out in *Hunter*.